**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **16 COURT ST. BROOKLYN OWNER, LLC** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | |
| **KINGS COUNTY DEMOCRATIC COUNTY COMMITTEE; ARLENY ALVARADO-MCCALLA,** in Her Official and Representative Capacity as County Chair of the Kings County Democratic County Committee; and **JEAN J. JOSEPH,** in Her Official and Representative Capacity as Treasurer of the Kings County Democratic County Committee; | § § § § § § § § § § § | **CASE NO. 23-1636** |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

16 Court St. Brooklyn Owner LLC ("**Plaintiff**" or "**Owner**") files this, its Original Complaint (the "**Complaint**"), and respectfully shows the Court the following:

### I.  INTRODUCTION

1. In 2005, the Kings County Democratic County Committee (the "**KCDCC**" or "**Tenant**") entered into a Standard Form Office Lease (the "**Lease**") with 16 Court Street Associates, the then-owner of the building located 16 Court Street, Brooklyn, New York, 11241, and predecessor-in-interest to the Plaintiff, 16 Court St. Brooklyn Owner LLC ("**Plaintiff**"). Despite the terms of the Lease and its subsequent amendments, which extended the lease term to August 31, 2022, the KCDCC attempted to unilaterally terminate its Lease in 2020 due to alleged financial issues during the COVID-19 pandemic. Plaintiff squarely rejected the attempted termination and was unable to timely re-let the leased premises following the KCDCC's departure from the building. Meanwhile, the KCDCC has continued its business without regard to its debt to Plaintiff, accruing over $300,000.00 in its housekeeping account and failing to include its debt to Plaintiff on its balance sheet. Plaintiff now files this lawsuit for breach of contract against the KCDCC, through its Chair, Treasurer, and Executive Committee, to recover contract damages and its costs and attorneys' fees incurred in enforcement of the Lease.

### II.  PARTIES

2. Plaintiff 16 Court St. Brooklyn Owner LLC is a foreign limited liability company with a principal place of business at 4700 Wilshire Boulevard, Los Angeles, CA 90010. Plaintiff is registered and authorized to do business in the State of New York.

3. Defendant Kings County Democratic County Committee is a county committee organized under the laws of the State of New York and specifically N.Y. Elec. L. § 2-104, with a

principal place of business within the Eastern District of New York at One Metrotech Center, Suite 1803, Brooklyn, New York 11201.

4. The Kings County Democratic County Committee is properly named as a party defendant pursuant to Fed. R. Civ. P. 17(b)(3)(A).

5. As an unincorporated association,[1] the KCDCC may be served through its president or treasurer, pursuant to N.Y. Gen. Assns. L. § 13. The KCDCC may be served at its business address, c/o Arleny Alvarado-McCalla, at One Metrotech Center, Suite 1803, Brooklyn, New York 11201 and at 16 Court Street, Suite 1016 Brooklyn, New York, 11241 (the "**Leased Premises**"), with waiver of personal service, pursuant to the Lease. *See* **Exhibit 1** at p. 12, Article 66.

6. Defendant Arleny Alvarado-McCalla ("**Ms. Alvarado-McCalla**") is the current Chair of the KCDCC. Ms. Alvarado-McCalla is a resident of Kings County and may be served at 230 Arlington Avenue, Brooklyn, NY 11207. Ms. Alvarado-McCalla is named as a party defendant in her official capacity as Chair of the KCDCC.

7. Jean J. Joseph ("**Ms. Joseph**") is the current Treasurer of the KCDCC and can be served at her place of business, Joseph Tax & Consulting Services LLC, at 1208 East 49th St, Suite 101, Brooklyn, NY 11234 and at 215 W 95th Street, 3H, Brooklyn, NY 10025. Ms. Joseph is named as a party defendant in her official capacity as Treasurer of the KCDCC.

8. District Leaders and State Committee Members make up the Executive Committee of the KCDCC (the "**Executive Committee**"). The Executive Committee consists of two members from each election district within the County. The leaders vote on the party rules and leadership

---

[1] *See 96 Fifth Ave. Corp. v. Greenberg,* 180 Misc. 614, 617, 44 N.Y.S.2d 231, 233-34 (N.Y. Mun. Ct. 1943), *aff'd sub nom. 96 Fifth Ave. Realty Corp. v. Greenberg,* 181 Misc. 142, 47 N.Y.S.2d 222 (App. Term 1944) (a county committee of a political party is an unincorporated association and must be sued in the name of its president or treasurer) (citing *Saxer v. Democratic Cnty. Comm. of Erie Cnty.*, 161 Misc. 35, 36-37, 291 N.Y.S. 18, 20 (Sup. Ct. 1936), *Democratic Org. of Cnty. of Richmond v. Democratic Org. of Cnty. of Richmond*, 253 A.D. 820, 820, 1 N.Y.S.2d 349, 351 (App. Div. 1938)). *See also Ellington v. Kings County Democratic County Committee,* 70 Misc. 3d 311 (Sup. Ct. 2020).

and help facilitate constituent involvement in the Democratic Party. As of the date of this Complaint, current Members of the Executive Committee of the Kings County Democratic County Committee are Bradley Reid, Jennifer Faucher, Rodneyse Bichotte Hermelyn, Josue Pierre, Sarana Purcell, Akel Williams, Lori Citron Knipel, Doug Schneider, Margarita Kagan, Ari Kagan, Dionne Brown-Jordan, Christopher M. McCreight, Nancy Tong, Charles Ragusa, Ida Klein, Pinchas Ringel, Victoria Kelly aka Tori Kelly, Joseph A. Bova, Dana Rachlin, Emile Bazile, Jacqui Painter, Julio Pena III, Lydia Bella Green, Aaron Ouyang, Maritza Davila, Felix Ceballos, Arleny Alvarado-Mccalla, Robert Camacho, Darlene Mealy, Anthony Jones, Kenesha Traynham-Cooper, Henry Butler, Shaquana Boykin, Michael Boomer, Mercedes Narcisse, Kevin Parker, Jaime Williams, Frank R. Seddio, Nikki Lucas, Charles Barron, Joanne Seminara, Lenny Markh, Mariya Y. Markh, and Mark Hanna.

### III.   JURISDICTION AND VENUE

9.   The Court has jurisdiction over Defendant pursuant to 28 U.S. Code § 1332. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

10.   Venue is proper in the in the county because the Defendants are domiciled in, reside in, and do business in this District.

### IV.   FACTS

11.   The KCDCC executed that certain Standard Form Office Lease by and between Defendant and 16 Court Street Associates, predecessor-in-interest to Plaintiff (the "**Original Lease**"), dated February 5, 2005 and concerning the premises located at 16 Court Street, Suite 1207, Brooklyn, New York, 11241 ("**Suite 1207**"). The Original Lease is attached to the Complaint as **Exhibit 1** and incorporated by this reference.

12. The Original Lease was modified by a Lease Modification Agreement between the Plaintiff and the KCDCC on April 25, 2015 (the "**1st Amendment**"). The 1st Amendment is attached to the Complaint as **Exhibit 2** and incorporated by this reference.

13. Defendant executed a Second Lease Modification Agreement by and between Defendant and Plaintiff, dated September 24, 2015 (the "**2nd Amendment**," and collectively with the Original Lease and first amendment, the "**Lease**"), substituting Suite 1016 of the same building ("**Suite 1016**" or the "**Premises**") for the original leased premises and extending the lease term through August 31, 2022. Defendant relocated its operations to Suite 1016 following execution of the 2nd Amendment. The 2nd Amendment is attached to the Complaint as **Exhibit 3** and incorporated by this reference.

14. Over the time period covered by the Lease, the KCDCC also rented various portions of the building on a short term basis under at least eight (8) separate license agreements.

15. On July 16, 2020, Defendant sent a letter seeking to terminate the Lease effective September 1, 2020 (the "**July 16 Letter**"). The July 16 Letter is attached to the Complaint as **Exhibit 4** and incorporated by this reference.

16. On September 4, 2020, Plaintiff responded to a letter received from Defendant dated September 3, 2020, rejecting Defendant's purported surrender of the Premises and termination of the Lease (the "**September 4 Letter**"). The September 4 Letter is attached to the Complaint as **Exhibit 5** and incorporated by this reference.

17. On October 16, 2020, Defendant sent a letter seeking to use the building's freight elevator to remove certain personal property of Defendant and seeking an eighty percent (80%) reduction in the amount needed to satisfy the amounts owed to Plaintiff as of that date (the "**October 16 Letter**"). The October 16 Letter also states that "the KCDCC has incurred significant

debts and does not have the funds necessary to pay the total Default Amount of $18,909.96 demanded in [Plaintiff's] letter." **Exhibit 6** at p. 1. The October 16 Letter is attached to the Complaint as **Exhibit 6** and incorporated by this reference.

18. Defendant vacated the premises on or before November 1, 2020.

19. On December 31, 2021, Plaintiff sent a default letter to Defendant, noting an outstanding balance of $86,697.73 as of December 31, 2021 (the "**December 31 Letter**"). The December 31 Letter is attached to the Complaint as **Exhibit 7** and incorporated by this reference.

20. On February 28, 2022, Plaintiff sent a Final Notice to Defendant, noting an outstanding balance of $81,697.73 as of February 25, 2022, which included the application of the KCDCC's $5,000.00 deposit against the outstanding balance owed to Plaintiff (the "**February 28 Letter**"). The February 28 Letter is attached to the Complaint as **Exhibit 8** and incorporated by this reference.

21. The Committee's financials and disclosure are public record and available at https://brooklyndems.com/our-party/laws-party-rules/.

22. As of January 15, 2022, the KCDCC held assets in an amount of $335,949.91, including $334,427.11 in cash held in Signature Bank Account No. 1500-679-790, the segregated account dedicated to its housekeeping receipts.[2] **Exhibit 8**. The KCDCC's Balance Sheet as of January 15, 2022 (the "**2022 Balance Sheet**") is attached to the Complaint as **Exhibit 9** and incorporated by this reference.

23. The KCDCC does not list any amounts owed to the Plaintiff as a liability on the 2022 Balance Sheet.

---

[2] *See also* ELN § 14-124(3) (allowing a committee to keep segregated funds to **maintain a permanent party headquarters** and staff and carry on ordinary activities that are not for the express purpose of promoting the candidacy of specific candidates).

24. A Profit and Loss statement for the KCDCC for September 2019 through August 2020 is attached to the Complaint as **Exhibit 10** and incorporated by this reference.

25. A Profit and Loss statement for the KCDCC for October 15, 2021 through January 15, 2022 is attached to the Complaint as **Exhibit 11** and incorporated by this reference.

26. A Profit and Loss statement for the KCDCC for January 15, 2022 through July 11, 2022 is attached to the Complaint as **Exhibit 12** and incorporated by this reference.

27. Additional attorneys' fees and costs have accrued in connection with the Plaintiff's enforcement of the Lease, totaling at least $14,712.00 as of the date of this Complaint.

## V. CAUSES OF ACTION

### Count 1: Breach of the Lease

28. Plaintiff incorporates by this reference all of the allegations set forth in the paragraphs above.

29. It is well settled that the elements of a breach of contract cause of action under New York law are "'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" *Arista Dev., LLC v. Clearmind Holdings, LLC*, 207 A.D.3d 1127 (N.Y. App. Div. 2022) (citing *Niagara Foods, Inc. v. Ferguson Elec. Serv. Co., Inc.*, 111 A.D.3d 1374, 1376, 975 N.Y.S.2d 280 [4th Dept. 2013], *lv denied* 22 N.Y.3d 864, 2014 WL 1243559 [2014]).

30. Article 4 of the 2nd Amendment requires the KCDCC to pay rent in specified amounts per year from October 10, 2015 through August 31, 2022. **Exhibit 3** at p. 5-6, Article 4.01.

31. Additionally, the 2nd Amendment and Lease require the KCDCC to pay for its share of certain utilities incurred in connection with the Lease Premises. **Exhibit 3** at p. 6-10, Articles 5 and 6.

32. The KCDCC is further obligated under the Lease to pay its share of real estate taxes for the building. **Exhibit 3** at p. 6, Article 4.02.

33. The Lease with all amendments thereto constitutes a valid, enforceable contract between Plaintiff and the KCDCC.

34. All conditions precedent under the Lease have been met by Plaintiff.

35. Plaintiff performed, tendered performance, or was excused from performing its contractual obligations under the Lease.

36. Plaintiff has standing to sue for breach of contract as a party to the Lease.

37. The KCDCC breached the Lease by failing to make the payments due under the Lease, starting with the June 1, 2020 payment and including all payments due through December 31, 2021.

38. The KCDCC further breached the Lease by failing to pay its share of real estate taxes and amounts due for utilities pursuant to the Lease, including amounts due pursuant to the 2019 Real Estate Tax Reconciliation and for all months from June 1, 2022 through December 31, 2021.

39. Plaintiff has been financially harmed by Defendant's breach of the Lease in the form of amounts owed by the KCDCC under the Lease and attorneys' fees and costs incurred in connection with enforcement of the Lease.

## VI. DAMAGES

40. Plaintiff incorporates by this reference all of the allegations set forth in the paragraphs above.

41. Plaintiff has been financially harmed by the KCDCC's breach of the Lease.

42. Damages incurred by the Plaintiff in connection with the causes of action set forth herein include, but are not limited to, amounts due pursuant to the Lease totaling at least $81,697.73, including $75,208.08 in past-due rent for all months from June 1, 2022 through December 31, 2021, $6,997.29 in KCDCC's share of real estate taxes, and $4,492.36 for KCDCC's share of utilities.

## VII. REQUEST FOR ATTORNEY FEES & COSTS

43. Plaintiff incorporates by this reference all the allegations set forth in the paragraphs above.

44. Plaintiff has incurred costs and attorneys' fees in the amount of at least $14,712.00 in connection with the filing of this Complaint and all collection attempts to date.

45. Plaintiff is entitled to recover all costs and expenses associated with Plaintiff's collection of amounts due under the Lease, including reasonable attorneys' fees and costs. **Exhibit 1** at p. 3, Article 19.

46. Plaintiff requests that it be awarded all reasonable attorneys' fees and costs associated with collection of the indebtedness owed under the Lease.

## VIII. REQUEST FOR INTEREST

47. Plaintiff incorporates by this reference all the allegations set forth in the paragraphs above.

48. N.Y. C.V.P. § 5001 provides that interest "shall be recovered upon a sum awarded because of a breach of performance of a contract … from the earliest ascertainable date the cause of action existed … Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.V.P. § 5001

49. Based on the individual dates on which Plaintiff's damages were incurred and the statutory pre-judgment interest rate of nine percent (9%), Plaintiff estimates $12,689.24 in pre-judgment interest has or will accrue through November 1, 2022.

50. Plaintiff reserves its right to request additional pre-judgment interest which may accrue after November 1, 2022.

51. Plaintiff further requests post-judgment interest upon the total sum awarded, including interest to verdict, report or decision, pursuant to N.Y. C.V.P. § 5002.

## IX. CONDITIONS PRECEDENT

52. All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that: Defendant Kendra Wells be cited to appear and answer herein, and that Plaintiff be awarded a final judgment against Defendant, including:

a) Actual damages, including full contractual damages resulting from Defendant's breach of the Lease;

b) Attorneys' fees, costs, and expenses;

c) Court costs;

    d) Pre-judgment and post-judgment interest, as provided by law; and

    e) Such other and further relief to which Plaintiff may be entitled.


Dated: March 2, 2023                            Respectfully submitted,

                                            *s/Angus Dwyer*
                                            Angus Dwyer
                                            New York Bar No. 279429
                                            Spencer Fane LLP
                                            1000 Walnut, Suite 1400
                                            Kansas City, MO 64106
                                            816.292.8338 – Telephone
                                            Email: adwyer@spencerfane.com